**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-36439-PSH |
| | ) | Chapter 7 |
| SYSIX TECHNOLOGIES, LLC, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | |
| | ) | Hearing Date:  November 3, 2011 |
| | ) | Hearing Time:  10:00 a.m. |

**COVER SHEET FOR SECOND AND FINAL APPLICATION OF**
**SEYFARTH SHAW LLP FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES AS COUNSEL TO CHAPTER 11 TRUSTEE GUS A. PALOIAN**
**FOR THE PERIOD OF MARCH 1, 2010 THROUGH MARCH 31, 2010**


Name of Applicant:                           Seyfarth Shaw LLP

Authorized to Provide
Professional Services to:               Chapter 11 Trustee Gus A. Paloian

Date of Appointment:                   November 12, 2009, retroactive to October 8, 2009

Period for which Compensation
and Reimbursement is Sought:       March 1, 2010 through March 31, 2010

Amount of Interim Compensation
 Sought:                                      $18,030.50

Amount of Interim Expense
Reimbursement Sought:               $1,725.65

This is an:    _X_   Final          __   Interim Application.

Prior Applications:

| Filed Date | Fees/Expenses Requested | Fees/Expenses Allowed | Fees/Expense Paid |
|---|---|---|---|
| **1st Application[1]** | | | |
| 4/8/10 | $146,887.00 | $136,859.50 | $136,859.50 |
| [Dkt. No. 74] | $1,455.18 | $1,353.14 | $1,353.14 |

Dated:  October 12, 2011

Respectfully submitted,

SEYFARTH SHAW, LLP, as counsel to

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the former Chapter 11 Trustee of  the Debtor's Estate,

By: /s/ James B. Sowka
    Gus A. Paloian (06188186)
    James B. Sowka (6291998)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

    *Counsel to Former Chapter 11 Trustee*
    *Gus A. Paloian*

---

[1] In the caption and at various other points throughout the 1st Application, Seyfarth inadvertently referred to itself as counsel to the Chapter 7 Trustee and requested that compensation be awarded to it in said capacity.  The Order entered by the Court on April 29, 2010 (the "Order") granting allowance of compensation and expense reimbursement as requested in the 1st Application does not clearly reflect that the allowance of fees and expense reimbursement was granted on account of services rendered and expenses incurred on behalf of the Chapter 11 Trustee.  By virtue of this reference, Seyfarth desires to correct the record to properly change all references in the 1st Application and the Order from "counsel to the chapter 7 trustee" to "counsel to the chapter 11 trustee" and to properly reflect the intent of Seyfarth and the Court.

13826212v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-36439-PSH |
| | ) | Chapter 7 |
| SYSIX TECHNOLOGIES, LLC, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | |
| | ) | Hearing Date:  November 3, 2011 |
| | ) | Hearing Time:  10:00 a.m. |

**NOTICE OF SECOND AND FINAL APPLICATION FOR COMPENSATION AND
EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL TO
FORMER CHAPTER 11 TRUSTEE AND HEARING**

**TO:    PARTIES ON ATTACHED GENERAL SERVICE LIST**

**PLEASE TAKE NOTICE** that on Thursday, November 3, 2011, Seyfarth Shaw LLP

(the "Applicant") filed its **Second and Final Application for Compensation and**

**Reimbursement of Expenses as Counsel to Former Chapter 11 Trustee Gus A. Paloian for**

**the Period of March 1, 2010 through March 31, 2010** (the "Application") with the United

States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy

Court").  In the Application, Applicant seeks final compensation in the amount of $18,030.50

and final reimbursement of expenses in the amount of $1,725.65.  In addition, Applicant requests

that all amounts previously awarded and paid as interim compensation and expense

reimbursement shall be deemed final.  The Application is being served contemporaneously with

this Notice upon each entity listed on the attached Special Service List and upon those entities

receiving notices in the above-captioned case pursuant to the Bankruptcy Court's CM/ECF

system.  All other entities may obtain copies of the Application, at no charge, upon request to:

Ms. Jennifer M. McManus, Seyfarth Shaw LLP, 131 South Dearborn Street, Suite 2400,

Chicago, Illinois 60603-5577; jmcmanus@seyfarth.com.

13826212v.1

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will be held before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in the courtroom normally occupied by Her Honor, Courtroom 644, located at 219 South Dearborn Street, Chicago, Illinois 60604, on **Thursday, November 3, 2011, at 10:00 a.m.,** or as soon thereafter as the undersigned counsel may be heard.

Dated:  October 12, 2011

Respectfully submitted,

SEYFARTH SHAW, LLP as counsel to
GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
former Chapter 11 Trustee of the Debtor's
Estate,

By: /s/ James B. Sowka
    Gus A. Paloian (06188186)
    James B. Sowka (6291998)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

    *Counsel to Former Chapter 11 Trustee*
    *Gus A. Paloian*

2

13826212v.1

## CERTIFICATE OF SERVICE

The undersigned non-attorney certifies that on this 12th day of October, 2011, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), she caused a copy of the attached:

     1.     **Notice of Second and Final Application for Compensation and Expense Reimbursement and Hearing** and **Second and Final Application for Compensation and Reimbursement of Expenses of Seyfarth Shaw LLP as Counsel to Former Chapter 11 Trustee Gus A. Paloian** to be served (1) electronically on those entities who receive notice through the ECF system and who are listed on the attached Service List, and (2) and upon each of the parties identified on the attached Special Service List by causing the same to be deposited into the United States Mail chute located at 131 South Dearborn Street, Chicago, Illinois 60603, in properly-addressed envelopes with sufficient first-class postage prepaid; and

     2.     **Notice of Second and Final Interim Application for Compensation and Expense Reimbursement and Hearing** to be served (1) electronically on those entities who receive notice through the ECF system and who are listed on the attached Service List, and (2) upon each of the parties identified on the attached General Service List by causing the same to be deposited into the United States Mail chute located at 131 South Dearborn Street, Chicago, Illinois 60603, in properly-addressed envelopes with sufficient first-class postage prepaid.

_Jennifer M. McManus_
Jennifer M. McManus

Subscribed and Sworn to before
me this 12th day of October, 2011.

_Janet M. Polacek_
Notary Public

OFFICIAL SEAL
**JANET M. POLACEK**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-27-2012

13826212v.1

**SYSIX TECHNOLOGIES, LLC**
**Case No. 09-36439**

**REGISTRANTS SERVED VIA CM/ECF NOTIFICATION**

| | |
|---|---|
| Thomas V. Askounis | taskounis@askounisdarcy.com; jburt@askounisdarcy.com |
| John A. Benson | john@bitlaw.com |
| Ann M. Bredin | abredin@mpslaw.com, dnichols@mpslaw.com |
| Craig L. Caesar | ccaesar@mcglinchey.com, ataylor@mcglinchey.com |
| Kurt M. Carlson | kcarlson@muchshelist.com; dmyer@muchshelist.com |
| Jonathan M. Cyrluk | jcyrluk@sdrlegal.com; edocket@sdrlegal.com; hbasker@sdrlegal.com; ktraynor@sdrlegal.com |
| Jeffrey L. Gansberg | jgansberg@muchshelist.com |
| David Gold | dgold@perkinscoie.com; jmatamoros@perkinscoie.com |
| Forrest B. Lammiman | flammiman@mpslaw.com; lbell@mpslaw.com; dnichols@mpslaw.com, dkane@mpslaw.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Colleen E. McManus | cmcmanus@muchshelist.com |
| Brendan J. Nelligan | bnelligan@pretzel-stouffer.com, tcook@pretzel-stouffer.com |
| Brian Ira Tanenbaum | brian@bitlaw.org |

**SPECIAL SERVICE LIST**

**VIA U.S. MAIL**

Roman Sukley, Esq.
U.S. Trustee's Office
219 S. Dearborn Street
Suite 873
Chicago, IL  60604

Illinois Department of Employment Security
Attn:  Bankruptcy Unit - 10th Floor
33 South State Street
Chicago, IL  60603

13826212v.1

## GENERAL SERVICE LIST

### VIA U.S. MAIL

Roman Sukley, Esq.
U.S. Trustee's Office
219 S. Dearborn Street, Suite 873
Chicago, IL  60604

Ronald Abrams
6676 N. Lincoln Ave.
Lincolnwood, IL  60712

Acamard Technologies, Inc.
2385 Hammond Drive, Suite 9
Schaumburg, IL  60173

Bryce Ackerman
25747 Somerset Court
Hawthorn Woods, IL  60047

AFC Worldwide Express
975 Cobb Place Boulevard, Suite 101
Kennesaw, GA  30144

Aflac
1932 Wynnton Road
Columbus, GA  31999-0001

Alan Abrams
6676 N. Lincolnwood Ave.
Lincolnwood, IL 60712

American Express
P.O. Box 297879
Ft. Lauderdale, FL  33329-7879

American Express Travel Related Services
Co., Inc. Corp. Card
P.O. Box 3001
Malvern, PA  19355

James Ammirati
1116 West Addison Street, #2
Chicago, IL  60613

David E. Anteliz
9015 Coppergate Road
Woodridge, IL  60517

Aon Risk Services
1001 Brickell Bay Drive, Suite 1100
Miami, FL  33131

Arbitech, LLC
15330 Barranca Parkway
Irvine, CA  92618

Arizona Department of Economics
1717 W. Jefferson, Room 119
Phoenix, AZ  85007

Arkadin Global Conferencing
150 East Campus View Blvd., Suite 220
Columbus, OH  43235

Jeffrey Galen, Esq.
Arrow Electronics, Inc.
Galen & Davis LLP
16255 Ventura Boulevard, Suite 900
Encino, CA  91436

Arrow Electronics, Inc.
220 Rabro Drive East
Hauppauge, NY  11788

Arrow Enterprise Computing Solutions, Inc.
7459 Lima Street
Englewood, CO  80112

3

American First Aid Services, Inc.
784 Church Road
Elgin, IL  60123

Awesome Vending, Inc. (not deliverable as addressed)
434 Starwood Pass
Lake in the Hills, IL  60156

B&F Coffee Service
3535 Commercial Avenue
Northbrook, IL  60062-1848

Bankfinancial FSB
15W060 N. Frontage Road
Burr Ridge, IL  60527

Michael P. Barnick
ON 844 W. Cortis Square
Geneva, IL  60134

Mike Bazley
8226 Tanya Lane
Sacramento, CA  95828-4521

Blue Cross Blue Shield of Illinois
500 E. Randolph Street
Chicago, IL  60601-5099

Nancy Bruce
123 W. 83rd Street
Willowbrook, IL  60527-6124

Brandon Burge
P.O. Box 1016
Pell Lake, WI  53157-1016

Call One
123 N. Wacker Drive, 7th Floor
Chicago, IL  60606

AT&T Mobility
P.O. Box 6483
Carol Stream, IL  60197-6463

Authorize Net
808 East Utah Valley Drive
American Fork, UT  84003

John Castro
705 W. Queen Creek Rd., Unit 2230
Chandler, AZ 85248-3430

CB Richard Ellis, Inc.
SMII Oak Creek, LP
Oak Creek Properties
500 Waters Edge, Suite 125
Lombard, IL  60148

CDW
Attn:  Vida Krug
200 N. Milwaukee Avenue
Vernon Hills, IL  60061

Roland Chavez
2862 Horizon Trail
New Lenox, IL  60451

CherryStoneIT, Inc.
7632 Woodwind Drive #101
Huntington Beach , CA  92647

Chicago Tribune
435 N. Michigan Avenue TT300
Chicago, IL  60611

Cingular Wireless
175 E. Houston Street
San Antonio, TX  78205-2255

City of Tucson
License Section
255 W. Alameda
Tucson, AZ  85701

4

Canvas Systems
P. O. Box 116922
Atlanta, GA  30368-6922

Capital One
P.O. Box 85617
Richmond, VA  23285-5617

Mike Carver
608 Northgate Drive
Oswego, IL  60543

Comerica Bank, N.A.
c/o Bodman, LLP
Gregory M. Ryan
1901 St. Antoine Street, 6th Floor
Detroit, MI  48266

Commonwealth of Pennsylvania
Department of Revenue
P.O. Box 280904
Harrisburg, PA  17128-0904

Community Bank of Ravenswood
2300 W. Lawrence
Chicago, IL  60625

Completely Cleaning Company, Inc.
615 Wheat Lane
Wood Dale, IL  60191-6599

Comptroller of Maryland
Revenue Administration Division
Annapolis, MD  21411-0001

Connecticut Department of Labor
Merit Rating Unit
Wethersfield, CT  06109-1114

Corporate Imaging Concepts, Inc.
308 Wainwright Drive
Northbrook, IL  60062

Colorado Department of Revenue
1375 Sherman Street
Denver, CO  80261-0004

Comcast
P.O. Box 3002
Southeastern, PA  19398-3002

ComEd
Attn: Bankruptcy Group-Claims Department
3 Lincoln Center
Oakbrook Terrace, IL  60181

CyberSource
1295 Charleston Road
Mountain View, CA  94043

D&B
5800 Airport Boulevard
Austin, TX  78752-4204

Johnny Davis
823 Summit Creek Drive
Shorewood, IL  60404

Michael L. Delaplain
401 Crabtree Court
Franklin, TN  37069

Dell Marketing L.P.
c/o Sabrina L. Streusand, Esq.
Streusand & Landon, LLP
811 Barton Springs Road, Suite 811
Austin, TX  78704-1166

Connecticut Department of Revenue Services
C&E Division, Bankruptcy Section
25 Sigourney Street, Suite 2
Hartford, CT  06106

Department of the Treasury
Internal Revenue Service
Odgen, UT  84201-0073

13826212v.1

Ned W. Covic
1015 East Talbot Street
Arlington Heights, IL  60004

Credit Mediators, Inc. (CMI)
For Canvas Systems
P.O Box 456
Upper Darby, PA  19082-0456

Sherri Cuplin
455 W. Wood Street, Unit #310
Palatine, IL  60067

EMC Corporation
176 South Street
Hopkinton, MA  01748

Employment Development Department
State of California
Social Authorization Center – 857
P.O. Box 19009
San Bernardino, CA  92423-9009

Employment Development Department
State of California
P.O. Box 826880
MIC 04
Sacramento, CA  94280-0001

Execu-Suites of Omaha
12020 Shamrock Plaza, Suite 200
Omaha, NE  68154-3537

Al Farinas
23 Grantwood Road
Wayne, NJ  07470

FedEx
P.O. Box 94515
Palatine, IL  60094-4515

FedEx Custom Critical
P.O. Box 371627
Pittsburgh, PA  15251-7627

Department of the Treasury - Internal Revenue
Service
P.O. Box 21126
Philadelphia, PA  19114

Shanin C. Drane
324 Judith Circle
Oswego, IL  60543-7333

Melanie Eggleston
2441 Shasta Drive
Lisle, IL  60532

Elon University
100 Campus Drive
2475 Campus Box
Elon, NC 27244-2010

First Bank
P.O. Box 407066
Ft. Lauderdale, FL  33340-7066

First Eagle National Bank
1040 Lake Street
Hanover Park, IL  60133-5466

FlexSource, LLC
P.O. Box 828
Elmhurst, IL  60126

Florida Department of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL  32314-6668

Peter Freedman
1733 Brittany Drive
Maple Glen, PA  19002

Lisa Frosheiser
225 Breeze Drive
Murfreesboro, TN  37129

13826212v.1

Steven Feiger
Crawford Supply
8150 Lehigh
Morton, IL  60053

FGMK, LLC
2801 Lakeside Drive – Third Floor
Bannockburn, IL  60015

Financial Marketing Solutions Inc.
406 Main Street, Suite B
Redwing, MN  55066

Troy S. Hammond
25107 Thornberry Drive
Plainfield, IL  60544

Harbor Capital, LLC
1364 East Lane East
Lake Forest, IL  60045

Highland Community Bank
1701 W. 87th Street
Chicago, IL  60620-4808

Hinsdale Bank & Trust
26 E. First Street
Hinsdale, IL  60521

Yvette D. Holt
1722 West Jarvis Ave.
Chicago, IL  60626

Hoover's, Inc.-EWS
5800 Airport Blvd.
Austin, TX  75752

Illinois Department of Employment Security
723 W. Algonquin Road
Arlington Heights, IL  60005

Nicole Gavrick
1325 Brentwood Trail
Bolingbrook, IL  62490

Government Data Publications, Inc.
Accounts Receivable Dept.
GDP Building
1661 McDonald Avenue
Brooklyn, NY  11230

Aaron Hammond
918 Abbey Court
Sugar Grove, IL  60554

Indiana Wesleyan University
4201 S. Washington Street
Marion, IN  46953

Infinisource
19 E. Washington Street
P.O. Box 889
Coldwater, MI  49036-0889

Ingram Micro, Inc.
1759 Wehrle Drive
Williamsville, NY  14221

InMage Systems, Inc.
3255 -1 Scott Blvd., #1
Santa Clara, CA  95054

Innovative Network Systems, Inc.
654 Joe Frank Harris Parkway SE
Cartersville, GA  30120-3928

Emilia Jacobs
309 Morton Avenue
Aurora, IL  60506

Hansel Jereza
922 N. Quince Lane
Mount Prospect, IL  60056

7

Illinois Department of Employment Security
Attn:  Bankruptcy Unit - 10th Floor
33 South State Street
Chicago, IL  60603

Illinois Tollway
P.O Box 5201
Lisle, IL  60532-5201

Images Copier Services, Inc.
Attn:  Jim Ekwall
945 National Avenue
Addison, IL  60101

Indiana Department of Revenue
Bankruptcy Section, N-240
100 North Senate Avenue
Indianapolis, IN  46204

Paul Koslowski
13515 Marigold Road
Plainfield, IL  60544

Shawn D. Kujak
138 Steamboat Lane
Bolingbrook, IL  60490-1009

William LaFlamme
109 Sylvia Lane
Naperville, IL  60540-8015

Steve Larson
S83w27375 Whitetail Trail
Mukwonago, WI  53149

Latisys-Chicago, LLC
1808 Swift Drive
Oakbrook, IL  60523

Michael Johnson
3651 N. Damen, Apt. B
Chicago, IL  60618

Justan Electrical Contracting Inc.
Attn:  Kevin McCarthy
1225 Madison Avenue
Patterson, NJ  07503

KBS Realty Advisors, LLC
Attn:  Mark Brecheen
620 Newport Center Drive, Suite 1300
Newport Beach, CA  92660

K&M Printing Co.
1410 North Meachum Road
Schaumburg, IL  60173

Jeffrey D. Klueger
3286 Isola Way
Lafayette, CA  94549

Meridian IT Inc.
Nine Parkway North
Deerfield IL  60015-2544

Merrick Healthcare Solutions, LLC
c/o Merrick Ventures
233 N. Michigan, Suite 2330
Chicago, IL  60601

Metropolitan Life Insurance Company
Gregg P. Hirsch, Assoc. General Counsel
Law Department/MetLife Group
1095 Avenue of the Americas
New York, NY  10036

MetLife
Commerce Bank
811 Main Street, 7th Floor
Kansas City, MO  64105-2005

13826212v.1

Robert LaViolette
28 Matisse Circle
Aliso Viejo, CA  92656

Wendee Lopez
1225 Edgar Court, Apt. 101
Glendale Heights, IL  60139

Sheila Markstrom
106 Preakness Drive
Oswego, IL  60543

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA  02114

Mercedes-Benz Financial
P.O. Box 9001680
Louisville, KY  40290-1680

Nationwide Recovery Systems
2304 Tarpley Drive #134
Carrollton, TX  75006

NCO Financial Systems Inc.
507 Prudential Road
Horsham, PA  19044

Nebraska Department of Revenue
P.O. Box 98923
Lincoln, Nebraska  68509-8923

NEC Corporation of America
6535 N. State Highway 161
Irving, TX  75039-2402

NeverFail Group
3839 Bee Caves Road, Suite 100
Austin, TX  78746

Micro Center
4055 Leap Road
P.O. Box 848
Hilliard, OH  43026-0848

Chris Minucci
1072 E. Broadway
Milford, CT  06460

Carol S. McMahan
Synergy Law Group, L.L.C.
730 W. Randolph St., 6th Floor
Chicago, IL  60661

Mississippi Department of Revenue
Bankruptcy Section
P.O. Box 22808
Jackson, MS  39225

Matthew Moder
1135 Coventry Lane
Bolingbrook, IL  60440

Monster
P.O. Box 245024
Milwaukee, WI  53224

Moody Bible Institute of Chicago
c/o William J. Connelly
Hinshaw & Culberston LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601

Mutual of Omaha Insurance Company
Attn:  Mieko Young
3-Law Operation
Mutual of Omaha Plaza
Omaha, NE  68175

National City Commercial Capital Corporation
995 Dalton Avenue
Cincinnati, OH  45203

North Shore Gas
P.O. Box A3991
Chicago, IL  60690-3991

9

New York State Department of Taxation
  and Finance
Bankruptcy Section
P.O. Box 5300
Albany, NY  12205-0300

Nicor Gas
P.O. Box 549
Aurora, IL  60507

NJ Division of Taxation
Delinquency Collections
P.O. Box 272
Trenton, NJ  08695-0272

North Carolina Department of Revenue
P.O. Box 25000
Raleigh, NC  27640-0001

Paylocity Payroll
3850 N. Wilke Road
Arlington Heights, IL  60004

Angela Pinnello
3108 Frank Turk Drive
Plainfield, IL  60586

Pitney Bowes
P.O. Box 856460
Louisville, KY  40285-6460

Pre-Paid Legal Services, Inc.
1 Prepaid Way
Ada, OK  74820

Promark Technology, Inc.
10900 Pump House Road, Suite B
Annapolis Junction, MD  20701

Northwestern Mutual
720 East Wisconsin Avenue
Milwaukee, WI  53202

Ohio Department of Job and Family Services
Bureau of Tax Operations
P.O. Box 182413
Columbus, OH  43218-2413

Ohio Department of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, OH  43216

Old Second National Bank
37 South River Street
Aurora, IL  60507

John F. Olmstead as assignee from
Mishawaka Leasing Co., Inc.
Brownstein Hyatt Farber Schreck et al.
410-17th Street, Suite 2200
Denver, CO  80202

Ontario Ministry of Revenue
33 King Street West
P.O. Box 627
Oshawa, ON  L1H 8H5

Steven E. Otto
14711 South Eastern Avenue
Plainfield, IL  60544

PA Department of Labor and Industry
Employers' Charge Section
P.O. Box 67504
Harrisburg, PA  17106-7504

Jeffrey D. Ramsey  (not deliverable as addressed)
2640 North Avondale Avenue, Unit F
Chicago, IL  60647-6401

13826212v.1

Carol A. Prusank
3341 N. Newland
Chicago, IL  60634

Quality Distribution, Inc
Accounts Payable Audit Office
3441 Barley Court
Lakeland, FL  33803

Quill Corporation
P.O. Box 37600
Philadelphia, PA  19101-0600

Rockwell Financial
9085 E. Mineral Circle, Suite 320
Centennial, CO  80112

Rollcall Business Conferencing Solutions
5000 Sawgrass Village Circle
Suite 30
Ponte Vedra Beach, FL  32082

Wade Scheffner
511 Chamberlain Lane, #211
Naperville, IL  60540

Michael Schlattman
14916 S. Hawthorn Circle
Plainfield, IL  60544

Charles Schuster
770 White Blossom Court
Powder Springs, GA  30127

Albert C. Schwartz
1410 Fairway Circle
Geneva, IL  60134

Bob Sheaffer
310 Busse Hwy #357
Park Ridge, IL  60068

The Receivables Exchange
c/o Craig L. Caesar, Esq.
McGlinchey Stafford, PLLC
2711 N. Haskell Avenue, Suite 2700
Dallas, TX  75204

The Receivables Exchange
c/o David S. Willenzik
McGlinchey Stafford PLLC
601 Poydras Street, 12th Floor
New Orleans, LA  70130

Red Coat Publishing, LLC
200 E. Randolph Drive
70th Floor – AON Center
Chicago, IL  60601

Regus Management Group, LLC
One Gateway Center, Suite 2600
Newark, NJ  07102

Republic Bank of Chicago
2221 Camden Court
Oak Brook, IL  60523-4516

John Richards
217 Crooked Stick Pass
North Prairie, WI  53153

Kristen Rhodes
3837 North Long Road
Chicago, IL  60641

Ricoh
5 Dedrick Place
West Caldwell, NJ  07006

RMS
4836 Brecksville Road
P.O. Box 52
Richfield, OH  44286

Rockwell Financial
c/o Steven E. Abelman, Esq.
410 17th Street, Suite 2200
Denver, CO  80202

11

Securian
Attn:  Tamra Nelson
400 Robert Street North
St. Paul, MN  55101

Ann Shipley
11790 Woodiebrook Road
Chardon, OH  44024

Semmelman & Semmelman, Ltd.
900 North Shore Drive, Suite 250
Lake Bluff, IL  60044

Mr. Kurt L. Singleton
Mr. Robert G. Ragland
AEL Financial, LLC
600 N. Buffalo Grove Road
Buffalo Grove, IL  60089

Allen H. Shapiro
1247 Waukegan Road, Suite 100
Glenview, IL  60025

Sonitrol Chicagoland West
1275 West Roosevelt Road, Suite 123
West Chicago, IL  60185

Signature Technology Group, Inc.
2424 West Desert Cove Avenue
Phoenix, AZ  85029

South Carolina Department of Revenue
P.O. Box 12265
Columbia, SC  29211

State of California
Board of Equalization
P.O. Box 942879
Sacramento, CA  94579-0001

Specialty Enterprises, Inc.
720 W. 121st Avenue
Westminster, CO  80234

State Board of Equalization
Special Operations Branch MIC 55
P.O. Box 942879
Sacramento, CA  94279

Sprint
P.O. Box 7993
Overland Park, KS  66207-0993

Illinois Department of Revenue
(Administrative)
Bankruptcy Section
P.O. Box 64338
Chicago, IL  60664-0338

Aravind Srinivasan  (not deliverable as addressed)
1427 Valley Lake Drive
Schaumburg, IL  60195

State of Illinois Department of Labor
Fair Labor Standards – Wage Claims Section
160 N. LaSalle Street, Suite C-1300
Chicago, IL  60601-3150

Staples Business Advantage
500 Staples Drive
Framingham, MA  01702

State of Nebraska
Department of Revenue
P.O. Box 94818
Lincoln, NE  68509-4818

State of Alabama
Department of Revenue
50 North Ripley Street
Montgomery , AL  36132

12

State of Wisconsin
DWD-Unemployment Insurance
P.O. Box 8914
Madison, WI  53708-8914

John Taylor
3386 Ravinia Circle
Aurora, IL  60504

Tech Data Corporation
c/o Mike Zava, Senior VP
Credit & Customer Service
5350 Tech Data Drive, MS A3-18
Clearwater, FL  33760

Texas Workforce Commission
Box 149346
Austin, TX  78714-9346

Rita Tijerina
9828 S. Rutherford Avenue
Oak Lawn, IL  60453

Travelers Insurance
P.O. Box 26208
Richmond, VA  23260-6208

Jeffrey M. Vickery
1528 Marquette Road
Joliet, IL  60435

Village of Lombard
255 E. Wilson Avenue
Lombard, IL  60148-3926

Virginia Department of Taxation
P.O. Box 2156
Richmond, VA  23218-2156

State of Arkansas
Department of Finance and Administration
Sales and Use Tax Section
P.O. Box 3566
Little Rock, AR  72203-3566

State of New Jersey
Department of Treasury
Division of Taxation
P.O. Box 245
Trenton, NJ  08695

The Travelers Indemnity Company and Affiliates
c/o RMS Bankruptcy Services
P.O.Box 5126
Timonium, MD  21094

Tri-Technical Service
675-P Tollgate Road
Elgin, IL  60123

Uline
2200 S. Lakeside Drive
Waukegan, IL  60085

Unisys Corporation
99865 Collection Center Drive
Chicago, IL  60696

United Van Lines, LLC
22304 Network Place
Chicago, IL  60673-1223

University of Bridgeport
Library Administration
126 Park Avenue
Bridgeport, CT  06604

U.S. Department of Commerce
Economics and Statistics Administration
U.S. Census Bureau
Jeffersonville, IN  47132-0001

13826212v.1

Russell Vitrano Jr.
645 Grove Drive, Apt. 201
Buffalo Grove, IL  60089-4036

Viztek, LLC
6491 Powers Avenue
Jacksonville, FL  32217

VSP
P.O. Box 997100
Sacramento, CA  95899-7100

Alysa Walack
364 Hawthorne Road
Buffalo Grove, IL  60089

Lori Walsh
1208 Leonard Drive
Plainfield, IL  60586

Wells Fargo Equipment Finance, Inc.
733 Marquette Avenue, Suite 700
Minneapolis, MN  55402

Christine Wesby
16W571 Mockingbird Lane, #202
Willowbrook, IL  60527

Wisconsin Department of Revenue
2135 Rimrock Road
P.O. Box 8901
Madison, WI  53708-8901

XO Communications
8851 Sandy Pkwy
Sandy, UT  84070

U.S. Department of Labor, EBSA for Sysix
Technologies, 401k Profit Sharing Plan
200 West Adams Street, Suite 1600
Chicago, IL  60606

Utah State Tax Commission
Taxpayer Services Division
210 North 1950 W
Salt Lake City, UT  83134-0700

US Department of Education
P.O. Box 4144
Greenville, TX  75403-4144

Vermont Department of Taxes
P.O. Box 588
Montpelier, VT  05601-0588

Lisa M. Vickers
1307 Oneida Street
Joliet, IL  60435-6845

Ken Williams
884 Goodrich Place
Palatine, IL  60067

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601-9703

Wells Fargo of California Insurance Services,
Inc.
21250 Hawthorne Boulevard, Suite 600
Torrance, CA  90503-5519

XO Communications
9201 N. Central Expressway
Dallas, TX  7231

14

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-36439-PSH |
| | ) | Chapter 7 |
| SYSIX TECHNOLOGIES, LLC, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | |
| | ) | Hearing Date:  November 3, 2011 |
| | ) | Hearing Time:  10:00 a.m. |

## SECOND AND FINAL APPLICATION OF SEYFARTH SHAW LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO FORMER CHAPTER 11 TRUSTEE GUS A. PALOIAN FOR THE PERIOD FROM MARCH 1, 2010 THROUGH MARCH 31, 2010

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, *as amended* (the "Bankruptcy Code"), Seyfarth Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely in his capacity as the former Chapter 11 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its Second and Final Application for Compensation and Reimbursement of Expenses (the "Application") for legal services performed, and expenses incurred, during the period of March 1, 2010 through March 31, 2010 (the "Application Period"). In support of this Application, Seyfarth respectfully represents, as follows:

## I.  INTRODUCTION

1.    Seyfarth makes this Application pursuant to:  (i) Sections 105(a) and 330 of the Bankruptcy Code;  (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (singularly, a "Rule";  collectively, the "Rules");  (iii) certain applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee;  (iv) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of

Illinois (the "Court");  (v) that certain Order of the Court entered in the above-captioned case

(the "Case") on November 12, 2009, authorizing Seyfarth's retention as counsel to the Trustee

retroactive to October 8, 2009 (the "Retention Order");  and (vi) other applicable case law.

2.     In making this Application, Seyfarth respectfully seeks an Order of this Court

awarding and directing payment from the Estate of:  (i) final allowance of compensation in the

amount of $18,030.50 for professional services rendered by Seyfarth on behalf of the Trustee

during the Application Period;  and (ii) final reimbursement of actual and necessary expenses

in the amount of $1,725.65 incurred by Seyfarth in rendering such professional services to the

Trustee in the Case.  In addition, Seyfarth requests that all amounts previously awarded and

paid to it in its capacity as counsel to the Trustee be deemed final.

## II.  JURISDICTION

3.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois.  Venue

of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and

1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1)

and (b)(2)(A) and/or (O).

## III.  BACKGROUND

4.     On September 30, 2009, an involuntary petition for relief was filed against the

Debtor under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, *as amended*

(the "Case").

5.     On October 8, 2009, the Bankruptcy Court entered an order for relief under

Chapter 11 of the Bankruptcy Code and an order appointing a chapter 11 trustee.  On October

8, 2009, the Bankruptcy Court entered an order granting the U.S. Trustee's Motion to Appoint

2

Gus A. Paloian as chapter 11 trustee in the Case.  On November 12, 2009, the Bankruptcy

Court entered an order granting the Trustee's Application to Retain Seyfarth Shaw as counsel

for Trustee retroactive to October 8, 2009.

6.     On April 1, 2010, the Bankruptcy Court entered an order converting the Case

from a Chapter 11 to a case under Chapter 7 of the Bankruptcy Code.

7.     Gus A. Paloian was appointed as the Chapter 7 Trustee on April 1, 2010.

8.     The fees and expenses sought herein for which Seyfarth requests allowance of

compensation and expense reimbursement are for services rendered and expenses incurred to

the Trustee during the period that the Case was pending under Chapter 11 of the Bankruptcy

Code.

9.     In accordance with Section 504(b)(1) of the Bankruptcy Code and Rule 2016,

Seyfarth has received no promises for payment for services rendered or to be rendered in any

capacity whatsoever in connection with the Case, other than specifically provided for in the

Seyfarth Retention Order and as otherwise set forth below.  Additionally, other than as

permitted by Section 504(b)(1) of the Bankruptcy Code and Rule 2016(a), no agreement or

understanding exists between Seyfarth and any other entity for a division of compensation and

reimbursement received or to be received for services rendered in or in connection with the

Case.

### IV.  SUMMARY OF SERVICES RENDERED,
### AND EXPENSES INCURRED, BY SEYFARTH

**A.  Overview and Prior Applications for Compensation and Expense Reimbursement**

10.     This Application is the second and final application for compensation and

expense reimbursement that Seyfarth has filed in this Case on account of services rendered and

expenses incurred as counsel to the Trustee.

13826212v.1

11.    On April 8, 2010, Seyfarth filed its first interim application for compensation and expense reimbursement as counsel to the Trustee [*see* Dkt. No. 74] (the "First Application") in which Seyfarth sought interim compensation in the amount of $146,887.00 and expense reimbursement in the amount of $1,455.18 for the period October 8, 2009 through February 26, 2010.  On April 29, 2011, the Court entered an order awarding Seyfarth interim compensation in the amount of $136,859.50 and expense reimbursement in the amount of $1,353.14 [*see* Dkt. No. 82].

12.    During the Application Period, Seyfarth has:  (i) provided legal services to the Trustee in the amount of $18,030.50(the "Fees"), and (ii) advanced costs in the amount of $1,725.65 (the "Expenses") in connection with the legal services that it has provided to the Trustee.

13.    The following table consists of a breakdown of the amount of Fees incurred by each Seyfarth professional, including each such professional's:  (i) title, (ii) hourly rate, (iii) total hours expended in providing legal services in the Case, and (iv) the value attributable to such legal services:

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Edward W. Bergmann | Partner | $575.00 | 0.20 | $115.00 |
| Gus A. Paloian | Partner | $555.00 | 8.10 | $4,495.50 |
| Jason Priebe | Of Counsel | $410.00 | 1.20 | $492.00 |
| James B. Sowka | Sr. Associate | $325.00 | 8.50 | $2,762.50 |
| Richard Lutkus | Associate | $305.00 | 9.20 | $2,806.00 |
| Benjamin Gehrt | Former Associate | $300.00 | 1.10 | $330.00 |
| M. Ryan Pinkston | Associate | $295.00 | 5.10 | $1,504.50 |
| Jennifer M. McManus | Paralegal | $235.00 | 17.50 | $4,112.50 |

13826212v.1

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Nina Bouchard | Former Paralegal | $125.00 | 11.30 | $1,412.50 |
| **TOTAL:** | | | **62.20** | **$18,030.50** |

14.     Biographies for the attorneys[1] listed above who performed the bulk of the services in this matter during the Application Period, describing their qualifications and areas of expertise, were included within Exhibit 1 of the First Application.

15.     During the Application Period, Seyfarth made every reasonable effort to have services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

16.     All of the compensation for which Seyfarth requests allowance and payment in this Application relate to the performance of services, as requested by the Trustee, during the Application Period.

17.     Seyfarth respectfully submits that its services rendered to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

### B.  Time Records

18.     Seyfarth maintains written records of the time expended by its professionals. These time records are maintained:  (i) contemporaneously with the rendition of services by each Seyfarth professional, and (ii) separately from those of the Trustee, in accordance with established procedures within this District.

---

[1] Benjamin Gehrt is no longer employed at Seyfarth.

19.     Such records for the Case, copies of which are grouped and attached hereto as

**Exhibit 1** and which are incorporated herein by reference, set forth in detail:  (i) the services

which Seyfarth rendered on behalf of the Trustee, (ii) the dates upon which such services were

rendered, (iii) the amount of time spent on the services in one-tenth of one hour increments,

and (iv) the identity of each Seyfarth professional who performed such services.

### C. Breakdown of Fees by Category of Services Rendered

20.     For the Court's convenience, Seyfarth has categorized its services to the Trustee

during the Application Period into eight (8) categories, as follows:  (i) Case Administration;

(ii) Investigation and Prosecution of Claims;  (iii) Claims Administration and Analysis; (iv)

Creditor Inquiries and Communications; (v) General Labor Matters; (vi) Investigation of Estate

Claims/Adversary Proceedings/Litigation; (vii) Probate Matters; and (viii) Fee Applications.

### CASE ADMINISTRATION (5.60 HOURS VALUED AT $1,766.00)

21.      During the Application Period, Seyfarth expended 5.60 hours, worth a value of

$1,766.00 on behalf of the Trustee on matters of Case Administration which were primarily

related to the preparation of the Trustee's Motion to Convert the Case and representing the

Trustee at the Court hearing in connection therewith.

22.     A breakdown of the professionals providing services in this category is as

follows:

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $555.00 | 1.10 | $610.50 |
| James B. Sowka | Associate | $325.00 | 1.70 | $552.50 |
| Jennifer M. McManus | Paralegal | $235.00 | 2.30 | $540.50 |
| Nina Bouchard | Paralegal | $125.00 | 0.50 | $62.50 |

6

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| **TOTAL:** | | | **5.60** | **$1,766.00** |

### INVESTIGATION AND PROSECUTION OF CLAIMS (1.10 HOURS VALUED AT $610.50)

23.    During the Application Period, Seyfarth expended 1.10 hours, worth a value of $610.500, on behalf of the Trustee on matters of Investigation and Prosecution of Claims.  In connection therewith, Seyfarth directed and worked with the Trustee's special counsel as to the prosecution of the Estate's claims against the Debtor's D&O insurance carrier.

24.    A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $555.00 | 1.10 | $610.50 |
| **TOTAL:** | | | **1.10** | **$610.50** |

### CLAIMS ADMINISTRATION AND ANALYSIS (9.60 HOURS VALUED AT $2,997.00)

25.    During the Application Period, Seyfarth expended 9.60 hours, worth a value of $2,997.00, on behalf of the Trustee on matters of Claims Administration and Analysis including:

A.    Preparation of the Trustee's Motion to Establish a Claims Bar Date; and

B.    Advising the Trustee as to the publication of the bar date notice.

26.     A breakdown of the professionals providing services in this category is as follows:

13826212v.1

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Parner | $555.00 | 0.80 | $444.00 |
| James B. Sowka | Associate | $325.00 | 6.00 | $1,950.00 |
| Jennifer M. McManus | Paralegal | $235.00 | 2.30 | $540.50 |
| Nina Bouchard | Paralegal | $125.00 | 0.50 | $62.50 |
| TOTAL: | | | 9.60 | $2,997.00 |

### CREDITOR INQUIRIES AND COMMUNICATIONS (1.50 HOURS VALUED AT $280.50)

27.    During the Application Period, Seyfarth expended 1.50 hours, worth a value of $280.50 on behalf of the Trustee on matters of Creditor Inquiries and Communications, as requested by the Trustee.  Specifically, Seyfarth communicated with various creditors of the Debtor, primarily former employees, regarding the status of the case, issues related to the conversion of the case and their claims.

28.    A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| James B. Sowka | Associate | $325.00 | 0.30 | $97.50 |
| Jennifer M. McManus | Paralegal | $235.00 | 0.30 | $70.50 |
| Nina Bouchard | Paralegal | $125.00 | 0.90 | $112.50 |
| TOTAL: | | | 1.50 | $280.50 |

13826212v.1

### GENERAL LABOR MATTERS (3.10 HOURS VALUED AT $1,444.00)

29.   During the Application Period, Seyfarth expended 1.40 hours, worth a value of

$1,444.00 in representing the Trustee and the Estate on General Labor Matters.  Seyfarth

advised the Trustee as to the defense a wage violation claim pending before the Illinois

Department of Labor (the "DOL Proceeding") and against the Debtor and the potential for a

stay of the DOL Proceeding as a result of the commencement of the Case.  In addition,

Seyfarth held conferences, participated in teleconferences and prepared communications to

protect the Trustee's interest in the DOL Proceeding.

30.   A breakdown of the professionals providing services in this category is as

follows:

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Edward Bergmann | Partner | $575.00 | 0.20 | $115.00 |
| Gus A. Paloian | Partner | $555.00 | 1.80 | $999.00 |
| Benjamin Gehrt | Former Associate | $300.00 | 1.10 | $330.00 |
| **TOTAL:** | | | **3.10** | **$1,444.00** |

### INVESTIGATION OF ESTATE CLAIMS/ADVERSARY PROCEEDINGS/LITIGATION (10.90 HOURS VALUED AT $3,460.50)

31.   During the Application Period, Seyfarth expended 10.90 hours, with a value of

$3,460.50 on behalf of the Trustee in matters related to Investigation of Estate

Claims/Adversary Proceedings/Litigation including:

      A.   Conducting factual investigation into financial affairs of the Debtor and

                 potential claims of the Estate;

B.   Conferences and teleconferences and/or correspondence regarding recovery of electronic data from various computers and servers of the Debtor; and

C.   Document review and analyzing of books and records recovered from the Debtor; forensic examination and review of electronic data.

32.   A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Jason Priebe | Of Counsel | $410.00 | 1.20 | $492.00 |
| James B. Sowka | Associate | $325.00 | 0.50 | $162.50 |
| Richard Lutkus | Associate | $305.00 | 9.20 | $2,806.00 |
| TOTAL: | | | 10.90 | $3,460.50 |

**PROBATE MATTERS (7.70 HOURS VALUED AT $2,115.50)**

33.   During the Application Period, Seyfarth expended 7.70 hours, with a value of $2,115.50 in Probate Matters including:

A.   Conferences and teleconferences and/or correspondence regarding Estate's interest in pursuing claim in probate matter captioned, Estate of John A. Sheaffer, Case No. 09-P-628, pending in the Circuit Court of the 19th Judicial Circuit, Lake County (the "Probate Case");

B.   Representing the Trustee at a hearing in the Probate Case; and

C.   Preparing  Trustee's claim for filing in the Probate Case and related affidavit in support.

10

34.    A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| M. Ryan Pinkston | Associate | $295.00 | 5.10 | $1,504.50 |
| Jennifer M. McManus | Paralegal | $235.00 | 2.60 | $611.00 |
| **TOTAL:** | | | **7.70** | **$2,115.50** |

### D.  Incurred Expenses

35.    Seyfarth maintained records of all actual and necessary out-of-pocket expenses incurred in connection with rendering services to the Trustee.  A complete listing of the Expenses and the amounts for which reimbursement is sought is attached hereto as **Exhibit 2** and which are incorporated herein by reference.

36.    As set forth in attached **Exhibit 2**, Seyfarth advanced $1,725.65 in Expenses on behalf of the Estate during the Application Period.  Seyfarth submits that all of the Expenses are reasonable and were necessary in the discharge of Seyfarth's services as counsel to the Trustee.

37.    A portion of the Expenses consists of in-house photocopying charges, which Seyfarth has voluntarily reduced to $0.10 per page.

38.    Additionally, Seyfarth advanced out-of-pocket expenses on behalf of the Estate for online legal research conducted through LEXIS and WESTLAW.  The charges for these expenses are *actual and at cost*.

39.    In this respect, there is no mark-up of the online legal research charges and no profit derived by Seyfarth from them.  Seyfarth ordinarily and customarily passes its discount

11

on such services *through to the client*—in this instance, the Estate—billing the client only what Seyfarth is actually charged for use of the online resources.

40.   The expenses for which Seyfarth seeks reimbursement are representative and typical of the types of expenses that Seyfarth ordinarily and customarily charges its non-bankruptcy clients.  Such expenses are neither taken into consideration in determining, nor built as "overhead" into, Seyfarth's hourly rates.

41.   Instead, Seyfarth generally adheres to the so-called "user fee" billing system for out-of-pocket expenses—that is, Seyfarth charges expenses to the particular clients who use them, in this instance the Estate at cost.

## V.  RELIEF REQUESTED

42.   Seyfarth respectfully requests that the Court:  (i) allow and award it on a final basis (1) the Fees, consisting of $18,030.50 for legal services rendered to the Trustee, and (2) the Expenses, in the amount of $1,725.65, incurred in relation to such services;  and (ii) authorize and direct the Trustee to make prompt payment of the Fees and Expenses to Seyfarth from the Estate.

43.   In addition, Seyfarth requests that the amounts previously awarded and paid as interim compensation pursuant to the First Fee Application be deemed final.

44.   A proposed order providing for the requested relief is attached hereto for the Court's consideration.

## VI.  BASIS FOR THE REQUESTED RELIEF

### A.  Compensation Standards

45.   Pursuant to Section 331 of the Bankruptcy Code, a professional person employed under Section 327 may generally apply for interim compensation from a bankruptcy court.  See 11 U.S.C. § 331.  Under Section 330(a)(1)(A), the Court may then award the professional

13826212v.1

person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. §

330(a)(1)(A).

46.    In determining the "extent and value of compensation," this Court has endorsed

and applied the "'lodestar' approach—multiplying the number of actual and necessary hours

reasonably expended by a reasonable hourly rate[.]"  *In re* Wildman, 72 B.R. 700, 712 (Bankr.

N.D. Ill. 1987) (Schmetterer, J.); accord *In re* UNR Indus., Inc., 986 F.2d 207, 210-11 (7th

Cir. 1993) (lodestar approach provides fair compensation under Section 330); see also City of

Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641, 120 L. Ed. 2d 449 (1992)

("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting

jurisprudence.  We have established a 'strong presumption' that the lodestar represents the

'reasonable' fee[.]").

47.    To arrive at an attorney's reasonable hourly rate, the Seventh Circuit has

"emphasize[d] that section 330 . . . *requires* lawyers in bankruptcy matters to receive the same

compensation as they would earn in performing similar services outside the context of

bankruptcy."[2] *In re* UNR Indus., Inc., 986 F.2d at 210 (emphasis added).  The statutory aim is

twofold:  (A) "that attorneys be reasonably compensated," and (B) "that future attorneys not be

deterred from taking bankruptcy cases due to a failure to pay adequate compensation."  UNR

Indus., Inc., supra; see also *In re* Farley, Inc., 156 B.R. at 210 ("The purpose of § 330 was to

encourage bankruptcy practitioners not to leave the field in favor of more lucrative areas of the

law.") (citing legislative history to Section 330).

48.    As a cornerstone of this market rate approach, the Seventh Circuit has repeatedly

"stressed that the best measure of the cost of an attorney's time is what that attorney could earn

---

[2] "In section 330 and its legislative history Congress expressed its intent that compensation in bankruptcy
matters be commensurate with the fees awarded for comparable services in non-bankruptcy cases."  In re
UNR Indus., Inc., 986 F.2d at 208-09;  see In re Farley, Inc., 156 B.R. 203, 210 (Bankr. N.D. Ill. 1993)
(Schmetterer, J.) (quoting same).

from paying clients"—that is, the attorney's "standard hourly rate." Gusman v. Unisys Corp.,

986 F.2d 1146, 1150 (7th Cir. 1993); see Small v. Richard Wolf Med. Instruments Corp., 264

F.3d 702, 707 (7th Cir. 2001) ("The attorney is entitled to his market rate and not some

'medieval just price' determined by the court.") (quoting Steinlauf v. Continental Ill. Corp. (In

re Continental Ill. Sec. Litig.), 962 F.2d 566, 568 (7th Cir. 1992)).

49.    Therefore, the Seventh Circuit has mandated that an "attorney's actual billing rate

. . . is considered to be the presumptive market rate." Small, 264 F.3d at 707.  Moreover, "[t]he

lawyer's regular rate is *strongly presumed* to be the market rate for his or her services."

Moriarty v. Svec, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S.

1066, 121 S. Ct. 2216, 150 L. Ed. 2d 209 (2001);  see Moriarty v. Svec, 429 F.3d 710, 718 (7th

Cir. 2005) (quoting same);  see also Central States, S.E. & S.W. Areas Pension Fund v. Central

Cartage Co., 76 F.3d 114, 116 (7th Cir.) ("[A] lawyer's regular hourly fee, one counsel would

charge 'to the meanest villain', *is* the market rate for that lawyer's services.") (emphasis added

and quoting Barrow v. Falck, 977 F.2d 1100, 1106 (7th Cir. 1992)), cert. denied sub nom.

Mason & Dixon Lines v. Central States, S.E. & S.W. Areas Pension Fund, 519 U.S. 811, 117

S. Ct. 56, 136 L. Ed. 2d 19 (1996).

50.    Under this principle, "lawyers who fetch above-average rates are presumptively

entitled to them, rather than to some rate devised by the court." Gusman, 986 F.2d at 1150;

accord *In re* Spanjer Bros., Inc., 191 B.R. 738, 755 (Bankr. N.D. Ill. 1996) (Squires, J.)

("Generally, so long as the rates being charged are the applicant's normal rates charged in

bankruptcy and non-bankruptcy matters alike, they will be afforded a presumption of

reasonableness.").

51.    "Only if an attorney is unable to provide evidence of her actual billing rates

should a [ ] court look to other evidence, including 'rates similar experienced attorneys in the

community charge paying clients for similar work.'" Mathur v. Board of Trs. of S. Ill. Univ.,

14

317 F.3d 738, 743 (7th Cir. 2003) (quoting <u>Spegon v. Catholic Bishop of Chicago</u>, 175 F.3d

544, 555 (7th Cir. 1999)); <u>see also</u> <u>Gusman</u>, 986 F.2d at 1151 ("the ability to identify a

different average rate in the community" is an impermissible reason to depart from an

attorney's billing rate).

52.    Accordingly, because Seyfarth bills the vast majority of its time at a set rate for

paying clients and spends only a very small percentage of time on cases covered by fee-shifting

statutes, "there is a strong presumption that such counsel could have billed out remaining time

at the rate normally charged." <u>In re</u> <u>Farley, Inc.</u>, 156 B.R. at 211.

53.    Additionally, under generally accepted standards, if the services of an attorney

employed under Section 327 are reasonably likely to benefit a debtor's estate, they should be

compensable.  <u>See</u> <u>Andrews & Kurth L.L.P. v. Family Snacks, Inc.</u> (<u>In re Pro-Snax</u>

<u>Distributors, Inc.</u>),157 F.3d 414, 421 (5th Cir. 1998); <u>In re</u> <u>Ames Dep't Stores, Inc.</u>, 76 F.3d

66, 71 (2d Cir. 1996);  2 Lawrence P. King, <u>Collier on Bankruptcy</u> ¶ 330.04 at 330-43 (15th ed.

rev. 1999); <u>cf.</u> 11 U.S.C. § 330(a)(4)(A)(ii)(I).  In this same context, "[n]ecessary services are

those that aid the professional's client in fulfilling its duties under the Code." <u>In re</u> <u>Ben</u>

<u>Franklin Retail Store, Inc.</u>, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

54.    Thus, the determination of benefit to the Estate is not constrained to a dollar-for-

dollar measurement, such that each dollar's worth of legal services must bring a cash dollar

into the Estate in order to justify equivalent compensation to counsel.  <u>See</u> <u>In re</u> <u>Lifschultz Fast</u>

<u>Freight, Inc.</u>, 140 B.R. 482, 488 (Bankr. N.D. Ill. 1992) (Barliant, J.) ("Necessary services have

always included services that aid in the administration of the case and help the client fulfill

duties under bankruptcy law, whether or not those services result in a monetary benefit to the

estate."); <u>accord</u> <u>In re</u> <u>Rite Way Reproductions, Inc.</u>, 1998 Bankr. LEXIS 1080, at *6-*7

(Bankr. N.D. Ill. Aug. 27, 1998) (Squires, J.) (concurring and further observing that "factors

other than the economic impact on the estate of actions taken should be considered in the

15

'benefit to the estate' analysis"); *In re* Caribou P'ship III, 152 B.R. 733, 742 (Bankr. N.D. Ind.

1993) (same);  see, e.g., Ben Franklin Retail Store, Inc., supra ("[A] trustee (or interim trustee)

performs necessary services when he carries out the duties set forth in § 704 of the Code.");

JMP-Newcor Int'l, Inc. v. Seyfarth, Shaw, Fairweather & Geraldson (*In re* JMP-Newcor Int'l,

Inc.), 1998 U.S. Dist. LEXIS 987, at *13 (N.D. Ill. Jan. 23, 1998) (affirming bankruptcy

court's award of fees to firm for advising committee in reasonable way and in good faith

despite lack of direct monetary benefit to debtor and estate).

55.    Instead, other factors, such as "whether the services rendered promoted the

bankruptcy process or administration of the estate in accordance with the practice and

procedures provided under the Bankruptcy Code and Rules for the orderly and prompt

disposition of bankruptcy case and related adversary proceedings," also support awards of

compensation.  *In re* Spanjer Bros., Inc., 191 B.R. at 748.

56.    As previously stated, the legal services for which Seyfarth requests allowance and

payment of compensation relate to the Application Period, and were rendered in connection

with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the

Trustee during that time.

57.    Seyfarth respectfully submits that such legal services have, in all respects, been

reasonable, necessary, and beneficial to the Estate.  In this connection, these services were

performed within a reasonable amount of time commensurate with the complexity, importance,

and nature of the matters which they concerned.

58.    Further, they promoted the bankruptcy process and the administration of the

Estate and supported the Trustee in fulfilling his statutory duties, all in accordance with the

Bankruptcy Code and Rules.

13826212v.1

59.   For purposes of this Application, Seyfarth has computed the Fees on the basis of its discounted hourly rates applicable to the performance of bankruptcy legal services unrelated to the Case at the time that such services were rendered.

60.   Seyfarth's average hourly billing rate for its attorneys—that is, its "lodestar" rate—during the Application Period was $374.42.

61.   During the Application Period, Seyfarth's discounted hourly billing rates for professionals providing services in the Case ranged from:  (A) $295.00 to $575.00 for attorneys, and (B) $125.00 to $235.00 for paralegals or para-professionals.  Based upon all of the foregoing, Seyfarth respectfully submits that the fair and reasonable value of the legal services that it rendered during the Application Period is $18,030.50.

62.   In all these respects, the compensation which Seyfarth has requested herein is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

63.   Moreover, it is less than the fees which Seyfarth would have received for providing legal services to its non-bankruptcy clients, and thus represents even less than its lost opportunity costs for such non-bankruptcy services because Seyfarth's acceptance of employment by the Trustee in the Case precluded such employment.

64.   In rendering legal services to the Trustee, and in making this Application, Seyfarth respectfully submits that it has exercised its good faith billing judgment, and has not sought compensation for "excessive, redundant, or otherwise unnecessary" time.  Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983).

65.   Finally, and with respect to new considerations added to the Bankruptcy Code under BAPCPA—that is, the new "relevant factor" of whether a professional "is board certified or otherwise has demonstrated skill and experience in the bankruptcy field,"  11 U.S.C. § 330(a)(3)(E) (2006)—Seyfarth's Attorney Biographical Information is attached to the

17

First Application at Exhibit 1.  The Attorney Biographical Information sets forth the

qualifications of the Seyfarth attorneys listed herein, including their demonstrated skill and

experience in the bankruptcy field, both in the local Chicago market and in representation of

clients in matters nationwide.

### B.  Expense Reimbursement Standards

66.    With respect to reimbursing expenses, the Court may award a professional person

"reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1)(B).

67.    "An expense is necessary if it was incurred because it was required to accomplish

the proper representation of the client."  _In re_ Spanjer Bros., Inc., 191 B.R. at 749;  see _In re_

Wildman, 72 B.R. at 731.

68.    In this connection, Seyfarth has requested reimbursement only for actual and

necessary expenses incurred on the Trustee's behalf.  Seyfarth respectfully submits that these

expenses were incurred because they were required to accomplish the proper representation of

the Trustee and the furtherance of the Estate's interests in the Case.  As previously indicated,

Seyfarth voluntarily reduced and limited its costs for photocopy expenses.

69.    Seyfarth submits that the Expenses are reimbursable and do not constitute

"overhead," which the Court discussed and described, as follows:

> Expenses which are overhead are not compensable because they are not built
> into the normal hourly rate charged by the billing professional.  Convent
> Guardian, 103 Bankr. at 939;  Wildman, 72 Bankr. at 731.  Overhead
> expenses include "all continuous administrative or general costs or expenses
> incident to the operation of the firm which cannot be attributed to a particular
> client or cost."  _In re_ Thacker, 48 Bankr. 161, 164 (Bankr. N.D. Ill. 1985)
> (quoting Jensen-Farley Pictures, 47 Bankr. at 584)[3].

---

[3] In re GSB Liquidating Corp., 1995 Bankr. LEXIS 1245, at *41 (Bankr. N.D. Ill. Aug. 21, 1995)
(Squires, J.);  see In re Adventist Living Ctrs., Inc., 137 B.R. 701, 719 (Bankr. N.D. Ill. 1991) (Sonderby,
J.) ("Expenses which are overhead and which are included in the hourly rate are not compensable.");  see
also 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.05 at 3-330 (15th ed. rev. LEXIS 2006)
("Nonreimbursable overhead has been defined as regular administrative and general expenses incident to
the operation of a business that cannot be attributed to a particular client or cost.");  see, e.g., Stroock &
Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.), 127 F.3d 1398,
1402 (11th Cir. 1997) ("We accept that true 'overhead' costs—the ordinary operating costs of a firm, _such_

18

13826212v.1

70.    In contrast, Seyfarth charges for its out-of-pocket expenses only, including the

incurred Expenses, to the particular clients who use them—in this instance, the Estate.  As

previously discussed, the incurred Expenses included herein are neither taken into

consideration in determining, nor built as "overhead" into, Seyfarth's hourly rates.

71.    Such "user fee" expense billing closely adheres to the Seventh Circuit's market

rate billing approach.  In this respect, the Seventh Circuit's market approach to compensation

extends equally to the reimbursement of expenses, including those for online research.  See _In

re_ Hunt's Health Care, Inc., 161 B.R. 971, 978 (Bankr. N.D. Ind. 1993);  accord _In re_

Hillsborough Holdings Corp., 127 F.3d at 1403-04 ("[I]f the cost of comparable services is a

relevant factor in setting compensation for services under [330](a)(1), it would logically seem

also to be a relevant factor in determining what categories to treat as reimbursable expenses

under (a)(2).").

72.    For example, in Continental Illinois Securities, supra, the Seventh Circuit

reversed, and markedly criticized, the district court for disallowing online research expenses:

> The judge refused to allow the lawyers to bill any of their out-of-pocket
> expenses of using a computerized legal research service (LEXIS).  He thought
> those expenses should be part of the lawyers' overhead.  This was another
> clear error.  If computerized research expenses were customarily treated in
> this fashion, lawyers' hourly rates would be even higher than they are,
> requiring an adjustment in the lodestar.  *But the more important point is that
> the market—the paying, arms' length market—reimburses lawyers' LEXIS
> and WESTLAW expenses, just as it reimburses their paralegal expenses,
> rather than requiring that these items be folded into overhead.*  Markets know
> market values better than judges do.  And as with paralegals, so with
> computerized research:  if reimbursement at market rates is disallowed, the
> effect will be to induce lawyers to substitute their own, more expensive time
> for that of the paralegal or the computer, 962 F.2d at 570 (emphasis added);
> accord Harman v. Lyphomed, Inc., 945 F.2d 969, 976 (7th Cir. 1991) ("The
> attorneys also claim that the court erred in excluding the roughly $10,000
> expended in computer-assisted research.  The court felt that the expense 'is

---

*as rent, heat, and the like*, that cannot readily be attributed to a particular case—are not separately
compensable as reimbursable expenses.") (emphasis added)

part of the amount allowed for attorney's fees.' *We must reverse the district court here*. Computer-assisted research fees—so long as reasonably incurred—in theory reduce the number of attorney hours otherwise needed for (presumably) more time-consuming manual research and are therefore compensable[. . . . as] expenses[.]") (emphasis added).

73.    The Seventh Circuit has remained consistent on this subject and has repeatedly required attorney reimbursement for computerized legal research charges. See, e.g., Uniroyal Goodrich Tire Co. v. Mutual Trading Corp., 63 F.3d 516, 526 (7th Cir. 1995) ("Before we turn our attention to the award of costs, we consider MTC's request that the costs of computerized legal research be subtracted from the award. *MTC claims that these expenses are better characterized as overhead in the same way that maintenance of a law firm library is. We reject this claim*.") (emphasis added), cert. denied, 516 U.S. 1115, 116 S. Ct. 916, 133 L. Ed. 2d 846 (1996).

74.    Accordingly, lower courts in this District—including numerous judges of this Court—have adhered to this controlling precedent. See, e.g., Shula v. Lawent, 2004 U.S. Dist. LEXIS 17662, at *7-*8 (N.D. Ill. Sept. 2, 2004) (Keys, J.) (fully allowing "computerized legal research charges" as "costs" that were "both reasonable and necessary"); Stamm v. Provident Life & Accident Ins. Co., 2000 U.S. Dist. LEXIS 5521, at *6 (N.D. Ill. Apr. 7, 2000) (Plunkett, J.) ("The Seventh Circuit has held that computerized legal research is reimbursable as a reasonable expense of litigation."); *In re* Price, 143 B.R. 190, 199 (Bankr. N.D. Ill. 1992) (Squires, J.) (allowing full reimbursement of Lexis expense), aff'd sub nom. Price v. United States (*In re* Price), 42 F.3d 1068 (7th Cir. 1994); *In re* Met-L-Wood Corp., 103 B.R. 972, 977 (Bankr. N.D. Ill. 1989) (Coar, J.) (allowing full reimbursement of computer research charges as "'actual and necessary' expenses"), aff'd, 115 B.R. 133 (N.D. Ill. 1990); *In re* Prairie Cent. Ry. Co., 87 B.R. 952, 960 (Bankr. N.D. Ill. 1988) (Squires, J.) (following earlier opinions of the Court to allow reimbursement of Lexis  and Westlaw research charges); *In re* Wildman, 72 B.R. at 732 ("This Court adopts the view that computer research time that is both necessary

20

and attributable to a particular client *or* case is reimbursable under Section 330(a)(2).")
(emphasis in the original); *In re* UAL Corp., Case No. 02-48191-ERW (Wedoff, C.J.), *Order*
*Approving Quarterly Application Of Vedder, Price, Kaufman & Kammholz, P.C. For*
*Allowance And Payment Of Compensation And Reimbursement Of Expenses* (Docket No.
15670) (allowing full reimbursement of $8,085.93 in online legal research charges); *In re*
Eagle Food Centers, Inc., Case No. 03-15299-CAD (Doyle, J.), *Order Approving Third And*
*Final Application Of Skadden, Arps, Slate, Meagher & Flom LLP Seeking Final Allowance*
*And Payment Of Compensation And Reimbursement Of Expenses* (Docket No. 1136) (allowing
full expense reimbursement of $21,888 in "Computer Legal Research" during case period)
(unpublished decision); *In re* Conseco, Inc., Case No. 02-49672-CAD (Doyle, J.), *Order*
*Approving Final Application Of Jenner & Block LLP For Allowance Of Administrative Claim*
*For Compensation And Reimbursement Of Expenses* (Docket No. 6987) (allowing expense
reimbursement of $139,934.07, including Westlaw and Lexis charges); *In re* Wickes, Inc.,
Case No. 04-02221-BWB (Black, J.), *Findings Of Fact And Conclusions Of Law In Support Of*
*Order Awarding To DLA Piper Rudnick Gray Cary US LLP, Attorneys For Wickes, Inc., For*
*Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses* (Docket
No. 2935) (allowing expense reimbursement of $15,505.32, including Westlaw and Lexis
charges).

75.    Finally, in seeking reimbursement for such costs, the Seventh Circuit has laid
down guidelines, and cautioned, that an applicant "[is] not required to submit a bill of costs
containing a description so detailed as to make it impossible economically to recover [ ] costs[,
but] [r]ather [ ] [is] required to provide the best breakdown obtainable from retained records."
Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir.
1991).

13826212v.1

76.     In seeking reimbursement for the Expenses herein, Seyfarth has made every attempt to fully comply with these dictates.

## VII.  **NOTICE**

77.     Twenty-one days' notice of this Application, and service of the Application, has been provided to the Office of the United States Trustee, in care of M. Gretchen Silver, Esq.

78.     Pursuant to Bankruptcy Rule 2002(a)(2) and (a)(6), and due to the expense that would be incurred by the Estate in serving this Application upon all creditors in the Case, Seyfarth respectfully submits that sufficient cause exists to limit mail service of:  (i) the Application to the parties on the Special Service List, and (ii) the Notice of Application to the General Service List, in both regards considering that all other entities requesting notices in the Case will receive notice of, and access to, the Application via CM/ECF.

79.     Seyfarth respectfully requests that the above-notice (the "Notice") be deemed adequate and that the Court find that no other or further notice is necessary.

## VIII.  **NO PRIOR REQUEST**

80.     No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE Seyfarth Shaw LLP respectfully requests that the Court enter an Order:

A.     Finding Notice of the Application sufficient as given and that no other or further notice is necessary;

B.     Allowing and awarding Seyfarth on a final basis the Fees and Expenses;

C.     Authorizing the Chapter 7 Trustee to make payment of such Fees and Expenses to Seyfarth from the Estate;

22

D.    Allowing Seyfarth all previous monies awarded and paid to Seyfarth as interim fee and expense reimbursement as counsel to the Trustee to be deemed final; and

E.    Granting such other and further relief as this Court deems just and appropriate.

Dated:  October 12, 2011

Respectfully submitted,

SEYFARTH, SHAW, LLP, counsel to GUS A. PALOIAN, not individually or personally, but solely in his capacity as the former Chapter 11 Trustee of the Debtor's Estate,

By:/s/ James B. Sowka
    Gus A. Paloian (06188186)
    James B. Sowka (6291998)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

    *Counsel to Former  Chapter 11 Trustee Gus A. Paloian*

23